UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALLEN STRAUSS, CDCR #AP-2353, <br><br>                               Plaintiff,<br><br>vs.<br><br>FILEMON MAGANA, Police Officer; EL CENTRO POLICE DEPARTMENT, Policing Agency,<br><br>                             Defendants. | Case No.: 3:21-cv-01145-WQH-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

HAYES, Judge:

    Plaintiff Robert Allen Strauss, while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Strauss claims the El Centro Police Department ("ECPD") and one of its officers used excessive force during the course of his arrest on January 18, 2019. *See id.* at 1–4. He seeks $500,000 in both general and punitive damages. *Id.* at 7.

Strauss has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action. Instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (b)(4). The institution having custody of the prisoner

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Strauss has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a prison certificate authorized by a RJD Accounting Officer Specialist. (ECF No. 3.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Strauss had no money deposited to his trust account during the six months prior to filing, and that he had no money in his account at the time he filed suit. (ECF No. 3 at 1, 3.) Therefore, the Court **GRANTS** Strauss's Motion to Proceed IFP (ECF No. 2), and declines to assess any initial filing fee because his trust account statements show he "has no means to pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward those fees to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2). *See id.*

## II. SCREENING

### A. Standard of Review

Because Strauss is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.     Factual Allegations & Claims**

Strauss's factual allegations are sparse. He claims only that that on January 18, 2019, El Centro Police Officer Filemon Magana, while "performing his duties as a police officer" "deployed ECPD K-9 (Max) onto [him]." *See* Compl. at 2, 3. Strauss claims Max "bit and shook [his] left ankle" at Magana's command "after [Strauss] was already in handcuffs." *Id.* at 3, 4. Strauss contends this violates the "California dog bite statute" and "constitutes excessive force" in violation of the Eighth Amendment. *Id.*

**C.     42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030,

1035-36 (9th Cir. 2015).

### D.     Defendant El Centro Police Department

First, to the extent Plaintiff names the ECPD as a Defendant, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the ECPD) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted). "Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Id.* at 995-96.  The ECPD is managed by and/or a department of the City of El Centro, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell* [*v. Dep't of Social Servs*, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."). Therefore, Strauss cannot pursue any § 1983 civil rights claims against the ECPD.

And while the City of El Centro itself may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell*, 436 U.S. at 691, Strauss has not named the City as a Defendant.  Moreover, as a municipality, the City of El Centro may be held liable under § 1983—but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City, or a "final decision maker" for the City.  *Id.* at 690; *Board of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 402–04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).  In other

words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694). Strauss makes no such allegations here. Thus, as currently pleaded, the Court finds Strauss's Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2) and § 1915A(b) against the City of El Centro because he has failed to allege any facts which "might plausibly suggest" that the City itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims).

### E.  Defendant Magana – Excessive Force Claims

Next, Strauss alleges Officer Magana violated his Eighth Amendment rights by deploying a K-9 to help effect his arrest. *See* Compl. at 3–4. The Eighth Amendment's prohibition of cruel and unusual punishment, however, only applies to persons who have been convicted. *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989) ("[T]he Eighth Amendment's protections [do] not attach until after conviction and sentence."); *Resnick v. Hayes,* 213 F.3d 443, 448 (9th Cir. 2000) ("[W]hen determining whether the Eighth ... Amendment governs an inmate's claim, '[t]he critical juncture is conviction, either after trial or ... by plea, at which point the state acquires the power to punish and the Eighth Amendment is implicated.'") (citation omitted).

Instead, a claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. at 394. The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). But "[d]etermining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations

omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) (quoting *Graham*, 490 U.S. at 397).

Thus, the court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003). Second, the court must balance the government's countervailing interests. This involves consideration of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. By using these factors, the court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

In this case, Strauss identifies the "type" of force inflicted—a dog bite to his left ankle. *See* Compl. at 3; *Drummond*, 343 F.3d at 1056. Strauss provides no further "factual content" explaining the circumstances surrounding his arrest on January 18, 2019, so he fails state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Specifically, Strauss does not explain what crime he was suspected of committing,[2] whether he was attempting to evade arrest by flight, what he was doing when Officer Magana is alleged to have deployed his K9, if he was armed, or whether he posed any threat to the safety of officers or others.[3] *Graham*, 490 U.S. at 396. Strauss does claim he was handcuffed, but he includes no

---

[2] The Court notes the basis for Plaintiff's subsequent conviction may preclude a § 1983 suit based on an excessive force claim as well. *See e.g., Sanders v. City of Pittsburg*, __ F.4th __, 2021 WL 4314796, at *4 (9th Cir. Sept. 23, 2021) ("*Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] bars any § 1983 claim alleging excessive force based on an act or acts constituting any part of the factual basis of a [Cal. Penal Code] § 148(a)(1) [resisting arrest] conviction.").

[3] The "most important *Graham* factor is whether the suspect posed an immediate threat to the safety of the officers or others." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011).

additional facts to plausibly show he had "fully surrendered" and was under Magana's control at the time Max was deployed. *See* Compl. at 3; *cf. Hernandez v. Town of Gilbert*, 989 F.3d 739, 745 (9th Cir. 2021) (citing *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *Koistra v. County of San Diego*, 310 F. Supp. 3d 1066, 1082–84 (S.D. Cal. 2018)). Thus, without more, this detail only "permit[s] the court to infer … the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678. It does not "show" that Magana's use of force was objectively unreasonable under the circumstances and therefore, that Strauss is "entitled to relief." *Id.* at 678–79 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citation omitted); *see e.g., Ponce v. Hanford Police Dept. K9 Unit*, 2021 WL 3742015, at *4 (E.D. Cal. Aug. 24, 2021) (dismissing Fourth Amendment claims sua sponte pursuant to 28 U.S.C. § 1915A based on plaintiff's failure to describe what he was "doing immediately before the events," why and under what circumstances other police officers were present, or "what [he] was doing before, during and after the K9 was released.").

Thus, for these reasons, the Court finds Strauss has failed to allege plausible excessive force claims against Officer Magana, and that those claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Watison,* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

F. **Supplemental State Law Claim**

Finally, Strauss claims that the ECPD is liable "based on the California Dog Bite statu[t]e." *See* Compl. at 4. As is true with respect to his excessive force claims, however, Strauss provides no further detail, and he identifies no specific state law in support.[4]

---

[4] The Court presumes Strauss is referring to Cal. Civil Code § 3342(a) which "sets forth strict liability for dog bites." *Olvera v. City of Modesto*, 38 F. Supp. 3d 1162, 1182 (E.D. Cal. 2014). However, subsection (b) further provides:

Subject to the conditions set forth in 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state law claims. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." *Id.* at 1001 (citations omitted). Primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting *Schneider v. TRW Inc.*, 938 F.2d 986, 993 (9th Cir. 1991)). Accordingly, because the Court has found none of Strauss's claims adequately state a plausible federal claim for relief under 42 U.S.C. § 1983, it declines to exercise supplemental jurisdiction over his supplemental state law claim pursuant to 28 U.S.C. § 1367(c). *See Acri*, 114 F.3d at 1000.

///

---

> Nothing in this section shall authorize the bringing of an action pursuant to subdivision (a) against any governmental agency using a dog in military or police work if the bite or bites occurred while the dog was defending itself from an annoying, harassing, or provoking act, or assisting an employee of the agency in any of the following: (1) In the apprehension or holding of a suspect where the employee has a reasonable suspicion of the suspect's involvement in criminal activity.

*Id.* (citing Cal. Civ. Code § 3342 (West)). As currently pleaded, Strauss's Complaint admits Officer Magana "deployed "ECPD K9 (Max)" while "performing his duties as a police officer" and in the course of effecting Strauss's arrest on January 18, 2019. *See* Compl. at 2, 4. Thus, should Strauss elect to amend his pleading to adequately allege federal constitutional claims for relief pursuant to 42 U.S.C. § 1983, he is further advised that his supplemental state law claim based on Cal. Civ. Code § 3342 would require amendment as well.

### G. Leave to Amend

As discussed, the Court finds Strauss's Complaint fails to state any claim upon which relief can be granted and that it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). Because Strauss is proceeding pro se, the Court, having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Strauss's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Strauss's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Strauss's Complaint sua sponte and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Strauss 60 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Strauss's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be

considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Strauss fails to file an Amended Complaint within 60 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 7, 2021

*[signature]*
Hon. William Q. Hayes
United States District Court